

August 28, 2018

**Frederick E. Schmidt, Jr.**
Direct Phone   212-883-4948
Direct Fax      646-588-1552
eschmidt@cozen.com

**VIA ECF AND E-MAIL**

Hon. Robert E. Grossman
United States Bankruptcy Judge
U.S. Bankruptcy Court, E.D.N.Y.
290 Federal Plaza
Central Islip, NY 11722

Re:   *In re Meena, Inc.*, Case No. 18-74693 (REG)
        *In re DESA of NY, Inc.*, Case No. 18-74694 (REG)
        *In re SDA, Inc.*, Case No. 18-74695 (REG)
        *In re Javaid*, Case No. 74804 (REG)

Dear Judge Grossman:

This firm is counsel to General Nutrition Corporation ("**GNC**") and I write to advise the Court that the above-referenced debtors (collectively, the "**Debtors**") have not complied with the Court's direction to return all cash collateral to their estates by no later than August 27, 2017.  GNC respectfully requests a conference (whether in-person or telephonic) to discuss the Debtors' failure to so comply and to discuss the impact such non-compliance will have on these chapter 11 cases and Court-ordered briefing deadlines.

As Your Honor may recall, a hearing (the "**Hearing**") was held last Monday, August 20, 2018 to consider GNC's motion to dismiss the Debtors' chapter 11 cases (the "**Cases**") or, in the alternative for stay relief.  One of the items pointed out in GNC's reply [ECF #25][1] was that the Debtors had dissipated all post-petition proceeds that they received from the sale of inventory against which GNC maintained a properly perfected first priority security interest.  The Debtors' use of such cash collateral was unauthorized by any order of this Court and was not consented to by GNC.  During the period covered by the Debtors' initial monthly operating reports, the total unauthorized cash collateral usage was approximately $54,524.

At the Hearing, the Court, among other things, directed the parties to prepare and submit, by September 4, 2018, briefs regarding whether GNC's alleged acceptance of payments from the corporate Debtors -- which were not parties to any franchise or related agreement -- created a franchisor/franchisee relationship between GNC and those corporate Debtors as a matter of law.  The Court further directed the Debtors to return all cash collateral to the estates, gave them one week to do so, and directed that they show the return of such funds to GNC's counsel as well as to the U.S. Trustee.[2]  Regarding the consequences for the failure to timely return the

---

[1]   The ECF number refers to the docket in *In re SDA, Inc.*

[2]   *See,* the transcript of the Hearing, the relevant portions of which are annexed hereto, page 36, line 11 through page 37, line 25, and page 40, lines 3 to 6.

Hon. Robert E. Grossman
August 28, 2018
Page 2

---

cash collateral, the Court implied that the cases would be dismissed, warning the Debtors, "[i]f it's not back in then I don't have to worry about any of the rest of this."

As of the end of the day on August 27, 2018, this office had not received any communication from the Debtors or their counsel regarding their obligation to return the cash collateral to the estates. A call to Mr. Dimino on August 28, 2018 revealed that he had not been contacted by the Debtors or their counsel either. Nor had the Debtors documented the return of the cash collateral on their respective dockets.

On August 28, 2018, I sent an e-mail to the Debtors' counsel asking her to confirm that the cash collateral was returned and for copies of bank documents reflecting that return. At 2:20 p.m., the Debtors' counsel replied that she "would check now." As of the close of business today, we have not received any further communication from the Debtors, leading us to believe that they have not complied with the Court's direction to return the cash collateral to their estates.

Given the Debtors' apparent disregard of the Court's direction despite being warned of the consequences for non-compliance, and given the upcoming deadline for the submission of additional briefing, we respectfully request that the Court schedule a conference for as soon as its schedule will permit.


Respectfully submitted,

COZEN O'CONNOR

By:     Frederick E. Schmidt, Jr.

FS
Attachment

cc:     Alfred M. Dimino, Esq.
        Alla Kachan, Esq.